FILED
SUPERIOR COURT
OF GUAM

2020 SEP 28 PM 3: 23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JULIA A. BRUNER, | **DOMESTIC CASE NO.: DM0572-17** |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| BERNARD T. BRUNER, | Re: Plaintiff's Motion for Attorney Fees For Having to Defend the Defendant's |
| Defendant. | Motion for Reconsideration |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on August 5, 2020, upon Plaintiff's Motion for Attorney Fees. Plaintiff, Julia A. Bruner ("Julia"), is represented by Attorney William B. Pole. The Defendant, Bernard Bruner ("Bernard"), is represented by Daron J. Berman of Berman, O'Connor, and Mann. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **DENIES** Plaintiff Bruner's Motion for Attorney Fees.

### BACKGROUND

On November 1, 2017, Plaintiff filed her Complaint for Divorce. As noted in the

DM0572-17, Bruner v. Bruner
Decision and Order (Motion for Reconsideration).

Page 1 of 4

Complaint for Divorce, the parties have one minor child, conceived before the marriage which took place on July 19, 2005. After a bench trial spanning from February 19, 2019 to December 15, 2019, this Court issued a Findings of Fact and Conclusions of Law ("FFCL") on April 3, 2020.

Defendant filed a Motion to Reconsider and Motion to Commence Receiving Community Property Interest in Plaintiff's Military Retirement on July 14, 2020. Plaintiff filed her Opposition to Defendant's Motion on August 5, 2020. Included in her Opposition was a separate Motion for Attorney Fees for Having to Defend the Motion to Reconsider. Defendant filed an Opposition to the Motion for Attorney Fees on September 14, 2020. Plaintiff filed a Reply to Defendant's Opposition on September 15, 2020. This Court heard oral arguments on September 17, 2020 and subsequently took this matter under advisement.

## DISCUSSION

Pursuant to Title 19 GCA §8402, Julia requests attorney fees for having to defend the Motion to Reconsider. The Code provides a, "court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife or husband to . . . . prosecute or defend the action." 19 GCA §8402. This section is based on former California Civil Code §137. *See* source note to 19 GCA §8402. Thus, California case law interpreting section 137 are persuasive to interpreting Title 19 GCA §8402. See *Cruz v. Cruz*, 2005 Guam 3, ¶ 9; see also *People v. Hall*, 2004 Guam 12, ¶ 18; see also *Fajardo v. Liberty House Guam*, 2000 Guam 4, ¶ 17.

California case law has interpreted "necessary" as used in the Code, to be used "in its broader sense, inasmuch as the action of the court rests in discretion. Obviously, under the strictest interpretation of the word . . . . there would be a negative of any discretion." *Westphal v. Westphal*, 10 P.2d 119, 120 (1932). Therefore, "necessary" as used in Title 19 GCA §8402 means "convenient, useful, appropriate, suitable, proper, or conducive to the end sought." *Id.* (*citing Rexroth v. Holloway*, 90 N.E. 87 (1909)). The Court is given

considerable discretion to determine whether alimony awarded under this section is, in fact, necessary. However, the "discretion of the trial court in allowing alimony pending suit is not arbitrary; it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband." *Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932) (*quoting* 1 Cal. Jur. 965, §19). Further, "[n]eccesity may be proved only by showing that her need for proper support and the expenses of the litigation exceed her available resources." *Lake v. Lake*, 217 P.2d 477, 478 (Cal. Dist. Ct. App. 1950). Therefore, this Court has discretion in deciding whether alimony for litigation costs during the pendency of this divorce are necessary, and must look to the needs of Julia, the expenses of the litigation, and the resources of Bernard, to make that determination.

Julia generates approximately $8,000 dollars a month and her monthly expenses total $6,911. Plaintiff's Mot. For Attorney Fees, Exhibit 2 (August 5, 2020); Plaintiff's Decl. of Expenses (August 5, 2020). She is gainfully employed by the Air Force and has accrued 23 years of service. Plaintiff's Mot. For Attorney Fees, Exhibit 2 (August 5, 2020). The costs of litigating Defendant's Motion to Reconsider to Julia were not provided to the Court but likely do not exceed her available resources. Bernard generates approximately $14,000 a month and pays $1,425 a month in child support. Plaintiff's Mot. For Attorney Fees, Exhibit 1 (August 5, 2020). Julia generates and maintains enough income to pay for reasonable attorney fees.

Julia further argues that a grant of divorce based on "extreme cruelty" should lead to an alimony determination in her favor. "In determining whether or not to grant alimony, the court should consider the comparative guild of the parties, the needs of one spouse, and the ability of the other spouse to pay." *Millington v. Millington*, 259 Cal.App.2d 896, 916 (1968) (*citing Mueller v. Mueller*, 282 P.2d 869 (1955); *Nunes v. Nunes*, 396 P.2d 37, 40 (1964)). While comparative fault is a factor to be considered, it is not determinative, as the needs and financial abilities of the respective spouses are to be considered as well. Further, the weight of the factors and the individual circumstances of the particular case are within the Courts discretion to consider. See *Price v. Price*, 217 Cal.App.2d 1, 10

DM0572-17, Bruner v. Bruner
Decision and Order (Motion for Reconsideration).

Page 3 of 4

(1963) ("Discretion to grant or refuse a request for counsel fees and costs is vested in the trial court."). See also *Leupe v. Leupe*, 130 P.2d 697, 701 (Cal. 1942) ("the granting or rejection of such a request lies within the sound discretion of the trial court, and the factors to be considered include the respective financial resources of the parties.").

Therefore, after considering the circumstances of the parties, the needs of Julia, the cost of litigation, and the financial abilities of both parties, it is within the Court's discretion to deny alimony, based on the balance of these factors, while the divorce is pending and for each party to bear the cost of litigation.

## CONCLUSION

Based on the foregoing, Plaintiff Bruner's Motion for Attorney Fees for Having to Defend Defendant's Motion to Reconsider is **DENIED**.

**SO ORDERED** this _9/28/2020_ .

_____

**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

DM0572-17, Bruner v. Bruner
Decision and Order (Motion for Reconsideration).

Page 4 of 4